**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIM VANAMANN, | No. 17-15737 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00906-KJD-NJK |
| v. | |
| NATIONSTAR MORTGAGE, LLC, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted April 11, 2018
San Francisco, California

Before: KLEINFELD, W. FLETCHER, and FISHER, Circuit Judges.

Kim Vanamann brought this putative class action against Nationstar

Mortgage, LLC, a mortgage servicer. She claims that Nationstar violated the Fair

Credit Reporting Act, 15 U.S.C. § 1681 et seq., by checking her credit without a

permissible purpose. Discovery revealed that Nationstar checked Vanamann's

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

credit multiple times after a bankruptcy court had discharged her mortgage debt. The district court granted Nationstar's motion for summary judgment, and we affirm.

**1.** Vanamann has established Article III standing. Neither party contested standing, but we considered it sua sponte. We issued an order asking the parties to address the issue in light of a recent Supreme Court decision concerning standing under the Fair Credit Reporting Act, Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016), and our cases applying it.

"Article III standing requires a concrete injury even in the context of a statutory violation." Bassett v. ABM Parking Servs., Inc., 883 F.3d 776, 779 (9th Cir. 2018) (quoting Spokeo, 136 S. Ct. at 1549). A "bare procedural violation" of a statute is not sufficient; the injury must be "real, and not abstract." Id. (quoting Spokeo, 136 S. Ct. at 1548–49). Vanamann submitted a declaration to the district court stating that Nationstar "violated [her] privacy when it obtained [her] credit information and credit scores after [she] had received a discharge in bankruptcy." Vanamann also reopened her bankruptcy case to seek contempt sanctions against Nationstar. She alleged that Nationstar continued to send her monthly billing

2

statements after she left the home, her debt was discharged, the home was sold, and her name was taken off of the title. Vanamann claimed severe emotional distress. The bankruptcy court awarded her actual damages, punitive damages, and attorneys' fees. See In re Vanamann, 561 B.R. 106, 110 & n.5, 114–21, 125–31 (Bankr. D. Nev. 2016). In this case, Nationstar admitted that it obtains credit information to initiate contact with consumers for such collections purposes. Given the circumstances, we are satisfied that Vanamann has standing.

**2.** Vanamann's Fair Credit Reporting Act claim fails as a matter of law. Because she sought statutory and punitive damages rather than compensatory damages, Vanamann must establish that Nationstar "willfully" violated the Act. 15 U.S.C. § 1681n(a). To establish a "willful" violation, Vanamann must show that Nationstar engaged in conduct "known to violate the Act" or acted in "reckless disregard of statutory duty[.]" Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 56–57 (2007). With respect to a reckless violation, Vanamann must show that Nationstar's interpretation of the Act was "objectively unreasonable" such that it ran an "'unjustifiably high risk' of violating the statute." Id. at 70.

3

Assuming that Nationstar lacked a permissible purpose for checking her credit, Vanamann has not met the standard for obtaining statutory and punitive damages rather than compensatory damages. Among other circumstances, the Act authorizes obtaining a consumer credit report when a person

> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.

15 U.S.C. § 1681b(a)(3); see § 1681b(f). Nationstar argues that it was authorized to check Vanamann's credit because it intended to "review . . . [her] account" "in connection with a credit transaction." Id. § 1681b(a)(3)(A).

Nationstar's interpretation of the Act is not "objectively unreasonable." Safeco, 541 U.S. at 70. The Act contains no provision addressing bankruptcy discharges for Nationstar to interpret, much less interpret recklessly. The plain text of the Act does not prohibit a mortgage servicer from obtaining a consumer's credit report after a bankruptcy court's discharge of the consumer's mortgage debt. Nor have we interpreted the Act to prohibit that practice. And the Act does not require that a consumer have personal liability on a debt in order for a credit check to be authorized. The provision authorizing credit checks for "review . . . of an

4

account" "in connection with a credit transaction"—however broad or narrow that provision may be—permits Nationstar's interpretation.

As in this case, where "the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation [of the Act], it would defy history and current thinking to treat a defendant who merely adopts one such interpretation as a knowing or reckless violator." Safeco, 551 U.S. at 70 n.20. Vanamann's claim therefore fails as a matter of law.

**AFFIRMED.**